J-A31005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KELLY DUTTON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AMERICAN BANKERS INSURANCE | : | No. 1288 EDA 2017 |
| COMPANY | : | |

Appeal from the Order Entered April 5, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  September Term, 2016 No. 01412

BEFORE:   PANELLA, J., OLSON, J., and STEVENS[*], P.J.E.

JUDGMENT ORDER BY PANELLA, J.          **FILED AUGUST 22, 2018**

Kelly Dutton appeals, *pro se*, the order granting judgment on the pleadings to American Bankers Insurance Company ("American"). Dutton seeks coverage under his neighbor's renter's insurance policy for damages caused by a fire in the neighbor's residence. The trial court found Dutton does not have standing to pursue his claim, and granted American's motion for judgment on the pleadings. In the alternative, the court found Dutton's claim was barred by the statute of limitations. We affirm.

Dutton filed a *pro se* complaint against American on September 13, 2016. Dutton alleged that on an unspecified date, Tenille Timbers experienced

_____

[*] Former Justice specially assigned to the Superior Court.

a fire in her apartment. Timbers had an insurance policy with American. Dutton sustained damage to his property due to the fire.

Dutton's own insurance company paid for the repair of his property, but did not cover the rental income he lost. As a result, Dutton requested that American cover the rental income loss. An attached copy of a statement of loss submitted to Dutton's insurance company represented the date of his loss was January 8, 2013. He claimed $22,185.00 in damages from American.

American's answer raised, among others, the defenses of Dutton's lack of standing and that his claim was barred by the statute of limitations. Dutton did not file a response to American's new matter.

American subsequently filed a motion for judgment on the pleadings, asserting Dutton's failure to respond to the factual allegations in its answer entitled it to judgment as a matter of law. In his answer, Dutton argued the court should deny the motion, as the law permitted Timbers to assign her bad faith claim against American to Dutton as an injured third party. Furthermore, he argued the statute of limitations had been tolled by settlement negotiations.

We must accept all well-pleaded allegations in the complaint as true when reviewing a challenge to an order granting judgment on the pleadings. *See Guerra v. Redevelopment Authority of City of Philadelphia*, 27 A.3d 1284, 1288-1289 (Pa. Super. 2011). Judgment on the pleadings may be

granted when there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. ***See id***.

After reviewing the parties' briefs and the certified record, we conclude the trial court's opinion thoroughly and adequately addresses the issues raised by Dutton on appeal. ***See*** Trial Court Opinion, 7/3/17 (finding Dutton had no inherent standing and had never explicitly alleged Timbers had assigned her rights to him, and furthermore, Dutton's claims were barred by both contractual and statutory claim limitations). We therefore adopt the trial court's reasoning as our own and affirm on that basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/18